**JACKSON & PERKINS WHOLESALE, INC., a Delaware corporation, Plaintiff—Appellee,**

v.

**SMITH ROSE NURSERY, INC., a Florida corporation; Calvin J. Smith, and Melvin W. Smith, Defendants—Appellants.**

No. 07–35504.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 11, 2008.*

Filed Dec. 15, 2008.

As Amended on Denial of Rehearing Jan. 13, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Ryan J. Vanderhoof, Esq., Joseph Kellerman, Hornecker, Cowling, Hassan & Heysell, LLP, Medford, OR, for Plaintiff–Appellee.

William V. Deatherage, Esq., Frohnmayer, Deatherage, Pratt, Jamieson & Clarke, Medford, OR, Anne C. Sullivan, Esq., Michael A. Mullen, Esq., Gaebe Mullen Antonelli Esco & Di Matteo, Coral Gables, FL, for Defendants–Appellants.

Before: O'SCANNLAIN, GRABER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Plaintiff Jackson & Perkins Wholesale, Inc. contracted to provide roses to Defendant Smith Rose Nursery, Inc., whose Defendant shareholders personally guaranteed the nursery's indebtedness to Plaintiff. Plaintiff sold 153,000 rose plants to Defendants. Some of the plants were defective. Defendants refused to pay, thereby breaching the parties' contract. A jury found in Plaintiff's favor but did not fill in a damages amount on the special verdict form because of the district court's instructions that it would calculate the damages once the jury determined the percentage of viable plants. Defendants moved for a mistrial and a new trial, both of which the district court denied, and now bring this timely appeal, challenging this procedure. We affirm.

1. We review for abuse of discretion the district court's denial of a motion for new trial and mistrial. *Dorn v. Burlington N. Santa Fe R.R. Co.*, 397 F.3d 1183, 1189 (9th Cir.2005); *United States v.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Steele,* 298 F.3d 906, 910 (9th Cir.2002). We find no abuse of discretion here.

The district court required the jury to clarify its original answer, "88%," by asking 88% of *what.* Specifically, the court asked the jury to state the number of plants that Plaintiff proved, by a preponderance of the evidence, were viable when shipped. The jury answered that it found that 88% of the plants were viable when shipped. Once it had done so, all that remained was a simple arithmetic step for the court to perform. Assuming that the verdict originally was inconsistent (as distinct from simply confusing or incomplete), the court followed Federal Rule of Civil Procedure 49(b) by directing the jury to consider and clarify its answers and verdict.

2. The district court did not err in drafting and formulating the verdict form in the first instance.

■ 3. Defendants also argue that the special verdict was erroneous because there were two different prices for rose plants, making the calculation complex and not amenable to the shortcut that the court followed. Defendants failed to raise this issue before the jury was dismissed, thereby waiving the challenge. Moreover, Defendants cannot demonstrate prejudice because, if the pricing differential had been taken into account and all the non-viable plants were priced at the higher of the two amounts, Defendants would have owed *more* than the amount of the judgment.

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.